# Exhibit 1

IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| DENNIS THOMPSON,           )<br>                                         )<br>     Plaintiff,                    )<br>                                         )      Division: _____<br>v.                                      )<br>                                         )      Case No: _____<br>GENESCO, INC.,                )<br>                                         )<br>     Defendant.                 )<br>                                         )<br>Serve registered agent:       )<br>CSC-Lawyers Incorporating )<br>Service Company              )<br>221 Bolivar Street              )<br>Jefferson City, MO 65101   )  | |

**CLASS-ACTION PETITION**

Plaintiff Dennis Thompson brings these claims on behalf of himself and everyone else similarly situated against Defendant Genesco, Inc.. and allege as follows:

1. Plaintiff Dennis Thompson is an induvial who resides in St. Louis County, Missouri.

2. Defendant Genesco, Inc.. ("Genesco") is a Tennessee corporation, in good standing with the Tennessee Secretary of State.

3. Defendant is registered to do business in Missouri.

4. Defendant conducts business using the assumed or fictitious name "Johnston & Murphy".

5. Dennis Thompson has a cell phone for which he uses the cellular telephone number 314-681-2877, hereafter, "Plaintiff's Cell Phone Number."

6. The account for Plaintiff's Cell Phone Number is in the name of Dennis Thompson.

7. Plaintiff uses Plaintiff's Cell Phone Number for family, household, and residential purposes.

1

8. For several years, Defendant has sent text messages to Plaintiff's Cell Phone Number advertising goods or products for sale from Defendant. Plaintiff does not know the exact number but there have been many such text messages, including many in a twelve-month period.

9. Here are some of the text messages received on Plaintiff's Cell Phone Number.



10. Plaintiff never gave Defendant consent to send text messages advertising Defendant's goods or products nor did he ever give Defendant express written consent to send text messages to him advertising Defendant's goods or products nor did he ever give

2

       Defendant prior express invitation or permission nor sign any written agreement which states that Defendant can call or send text messages to Plaintiff's Cell Phone Number.

11. At all relevant times, Plaintiff's Cell Phone Number was registered with the Federal Communication Commission's "Do Not Call Registry."

12. At all relevant times, Plaintiff's Cell Phone Number was registered with the Missouri "No-Call List," administered by the Missouri Attorney General.

13. Defendant's text messages to Plaintiff's Cell Phone Number were numerous, annoying, and buzzed the receiving cell phone, which intruded on Dennis Thompson's peace, privacy, and seclusion.

14. On information and belief, Defendant regularly sent text message to thousands of people per month advertising Defendant's goods or products.

15. On information and belief, Defendant regularly sent text message to thousands of people per month advertising Defendant's goods or products, without the consent required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its related regulations, and without the consent required by the Missouri No-Call List statutes and regulations.

16. Defendant's transmissions of text messages to Plaintiff's Cell Phone Number and the Class caused concrete and personalized injury, including unwanted use of Dennis Thompson's and the class' cell phones, caused the cell phones to make noise and vibrate, annoying the recipients, interfered with the recipients' exclusive use of their property, cost them time, occupied their cell phones for the period of time required for the electronic transmission of the messages, and interfered with their business or personal communications and privacy interests.

17. Many of Defendant's illegal text messages were received by Dennis Thompson in St. Louis County.

18. Personal jurisdiction over Defendant in Missouri is proper because Defendant committed tortious (Do Not Call List and No Call List Violations) conduct in or directed into Missouri.

19. Venue is proper in the St. Louis County Circuit Court under § 508.010.2 R.S.Mo., because Dennis Thompson resides in St. Louis County and many of Defendant's illegal text messages were received in St. Louis County, State of Missouri.

## COUNT I
## (FEDERAL DO NOT CALL LIST VIOLATIONS)

20. Plaintiff incorporates by reference the allegations of Paragraph 1-19.

21. Text messages are considered telephone calls according to the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016); 30 FCC Rcd. 7961, 7964 n.3, 7978-7979, 8016-8022 (2015); 18 FCC Rcd. 14014 (2003).

22. Defendant's numerous text messages to Plaintiff's Cell Phone Number violated the Federal Do Not Call List statute and regulations.

23. Defendant's numerous text messages to Plaintiff's Cell Phone Number were done willfully or knowingly.

24. The proposed Class in Count I is all persons within the United States who, within the four years prior to the filing of this Class-Action Petition, (a) received advertising text messages sent by Defendant or anyone on Defendant's behalf to said person's cellular

4

telephone number and (b) had not consented to receive such text messages as required by law.

25. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

26. Plaintiff and the Class are entitled to damages of at least $500 per text message sent by Defendant and up to $1,500 per text message if the Court finds that Defendant willfully or knowingly violated the TCPA and the Federal Do Not Call List.

27. Upon information and belief, there are so many members of the Class, and the Class is so geographically diverse, that joinder of all members is impracticable.

28. Plaintiff's claims are typical of the class he seeks to represent.

29. Plaintiff's claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the Class.

30. Questions of law and fact common to the Class include:

   a. Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

   b. Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's goods or products;

   d. Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

   e. Whether Plaintiff's and the Class are entitled to statutory damages; and

   f. Whether the Court should award enhanced damages for Defendant's knowing or willful violations of the TCPA and Federal Do Not Call List.

31. Plaintiff will fairly and adequately represent the proposed Class.

5

32. Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

33. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

34. Neither Plaintiff nor their counsel have any interests adverse or in conflict with the absent class members.

35. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

36. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

37. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

38. All conditions precedent to Plaintiff prosecuting and prevailing on this claim have been satisfied.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demand judgment in their favor in Count I and against Defendant as follows:

    a. certify this action as a class action and appoint Plaintiff as Class representative;
    b. appoint the undersigned counsel as Class counsel;
    c. award damages of $1500 per text message or at least $500 per text message;
    d. award enhanced damages up to $1,500 per text message;
    e. enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating or Do Not Call List violating text messages;
    f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;
    g. award Plaintiff an incentive awards for his efforts expended on behalf of the Class and other relevant factors;
    h. award Plaintiff prejudgment interest and costs; and
    i. grant Plaintiff all other relief deemed just and proper.

## COUNT II
## (TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS)

39. Plaintiff restates and incorporates by reference the allegations of Paragraph 1-38.

40. On information and belief, Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list.

41. On information and belief, Defendant failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list.

42. On information and belief, Defendant failed to institute procedures for maintaining a list of persons who request not to be called.

43. On information and belief, Defendant failed to access the Federal Do Not Call register and database, has no procedure for doing so, and does not access the Federal Do Not Call database every 30 days or every three months as required by the regulations of the Federal Communications Commission.

44. Defendant's wrongs alleged in this Count were done willfully or knowingly.

45. The proposed Class in Count II is all persons within the United States who, within the four years prior to the filing of this Class-Action Petition, (a) received advertising text messages sent by Defendant or anyone on Defendant's behalf to said person's cellular telephone number and (b) had not consented to receive such text messages as required by law.

46. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

47. Plaintiff and the proposed class are entitled to damages of at least $500 per violation per text message sent by Defendant and up to $1,500 per violation per text message if the Court finds that Defendant willfully or knowingly violated the TCPA.

48. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

49. Plaintiff's claims are typical of the class he seeks to represent.

50. Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

51. Questions of law and fact common to the Class include:

   a. Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by law;

   b. Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's products or services;

   c. Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

   d. Whether Defendant failed to institute procedures for maintaining a list of persons who request not to be called;

   e. Whether Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list;

   f. Whether Defendant failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list;

   g. Whether Defendant failed and fails to access the Federal Do Not Call register and database, has no procedure for doing so, and does not access the Federal Do Not Call database every 30 days or every three months as required by the regulations of the Federal Communications Commission.

   h. Whether Plaintiff and the Class are entitled to statutory damages; and

    i. Whether the Court should award enhanced damages for Defendant's knowing and willful violations of the TCPA and the Federal Do Not Call List.

52. Plaintiff will fairly and adequately represent the proposed Class.

53. Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

54. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

55. Neither Plaintiff nor his counsel have any interests adverse or in conflict with the absent class members.

56. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

57. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

58. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

59. All conditions precedent to Plaintiff prosecuting and prevailing on this claim have been satisfied.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his favor in Count II and against Defendant as follows:

 a. certify this action as a class action and appoint Dennis Thompson as Class representative;
 b. appoint the undersigned counsel as Class counsel;
 c. award damages of $1500 per violation per text message or at least $500 per violation per text message;
 d. award enhanced damages up to $1,500 per violation per text message;
 e. enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating or Do Not Call List violating text messages;

    f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

    g.    award Plaintiff an incentive awards for his efforts expended on behalf of the Class and other relevant factors;

    h.    award Plaintiff prejudgment interest and costs; and

    i.    grant Plaintiff all other relief deemed just and proper.

## COUNT III
### (MISSOURI NO CALL LIST VIOLATIONS)

60. Plaintiff restates and incorporates by reference the allegations of Paragraph 1-59.

61. Defendant has repeatedly text-messaged Plaintiff's Cell Phone Number with a "Telephone solicitation" to many people, as defined by § 407.1095.3 R.S.Mo., encouraging the purchase of property or goods.

62. The proposed Class in Count III is all persons within the United States who, within the two years prior to the filing of this Class-Action Petition, received more than one telephone solicitation within any twelve-month period by or on behalf of Defendant, in violation of § 407.1098 R.S.Mo.

63. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

64. Plaintiff and the Class are entitled to statutory damages of $5,000 per text message sent by or on behalf of Defendant.

65. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

66. Plaintiff's claims are typical of the class he seeks to represent.

67. Plaintiff's claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the Class.

68. Questions of law and fact common to the Class include:

    a. Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

    b. Whether the text messages sent by Defendant constitute telephone solicitations;

    c. Whether Defendant sent text messages to persons on the Missouri No Call List;

    d. Whether Plaintiff and the Class are entitled to statutory damages; and

    e. Whether the Court should award enhanced damages for Defendant's knowing violations of Missouri law.

69. Plaintiff will fairly and adequately represent the proposed Class.

70. Plaintiff has retained counsel experienced in the prosecution of class actions, including text-message class actions.

71. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

72. Neither Plaintiff nor his counsel have any interests adverse or in conflict with the absent class members.

73. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

74. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

75. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

76. All conditions precedent to Plaintiff prosecuting and prevailing on this claim have been satisfied.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in Count III in their favor and against Defendant as follows:

a. certify this action as a class action and appoint as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award damages of $5000 per text message;
d. enjoin Defendant and its contractors, agents, and employees from continuing to send Missouri No Call List violating text messages;
e. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;
f. award Plaintiff an incentive awards for his efforts expended on behalf of the Class and other relevant factors;
g. award Plaintiff prejudgment interest and costs; and
h. grant Plaintiff all other relief deemed just and proper.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demand that Defendant take affirmative steps to preserve all text message logs, spreadsheets, invoices, records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages alleged herein.

SCHULTZ LAW GROUP LLC

By  /s/ Robert Schultz
Robert Schultz, #35329
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
(636) 537-4645
(636) 537-2599 FAX
rschultz@sl-lawyers.com
reisenberg@sl-lawyers.com

*Attorneys for Plaintiff*
*Dennis Thompson*