# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DENNIS THOMPSON, <br><br>             Plaintiff, <br><br> v. <br><br> GENESCO, INC., <br><br>             Defendant. | Case No.: 4:23-cv-00292 <br><br> Chief Judge Stephen R. Clark |

### **DEFENDANT GENESCO, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Genesco, Inc. ("Genesco") moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings.  There are no material issues of fact; Plaintiff Dennis Thompson never told Genesco not to call and, in fact, requested text messages from Genesco.  Therefore, Plaintiff's sole claim under the internal do-not-call regulation, 47 C.F.R. § 64.1200(d), fails and Genesco is entitled to judgment as a matter of law.  A memorandum in support is attached.

                                                                Respectfully submitted,

                                                                */s/ Rand L. McClellan*
                                                                Rand L. McClellan (admitted *pro hac vice*)
                                                                rmcclellan@bakerlaw.com
                                                                Paul M. M. Willison (admitted *pro hac vice*)
                                                                pwillison@bakerlaw.com
                                                                BAKER & HOSTETLER LLP
                                                                200 Civic Center Dr., Suite 1200
                                                                Columbus, OH 43215-4138
                                                                Telephone:   614.228.1541
                                                                Facsimile:   614.462.2616

                                                                *Attorneys for Defendant Genesco, Inc.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS THOMPSON,<br><br>                  Plaintiff,<br><br>v.<br><br>GENESCO, INC.,<br><br>                  Defendant. | Case No.: 4:23-cv-00292<br><br>Chief Judge Stephen R. Clark |

**MEMORANDUM IN SUPPORT OF DEFENDANT GENESCO, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    INTRODUCTION**

The Telephone Consumer Protection Act's ("TCPA") internal do-not-call list regulation on which Plaintiff's claim rests, 47 C.F.R. § 64.1200(d), protects consumers who request not to be contacted. Plaintiff Dennis Thompson, however, never made that request. In fact, Plaintiff first texted Johnston & Murphy and *requested* the text messages in the Amended Complaint by opting-in (twice) to Johnston & Murphy's mobile alerts program.[1] Plaintiff even used the coupon he received from opting-in for a Johnston & Murphy purchase. Plaintiff never asked that the texts stop.

Now, Plaintiff has filed a class action lawsuit over the texts he requested. But Plaintiff lacks any claim under the TCPA's internal do-not-call list regulation, and his claim does not fall within the zone of interests protected by the TCPA. Defendant is entitled to judgment as a matter of law under Fed. R. Civ. P. 12(c).

---

[1] Johnston & Murphy is a division of Defendant Genesco, Inc. *See* Am. Ans. ¶ 4 (Dkt. 19). This memorandum will refer to "Johnston & Murphy" for ease of reference.

## II. FACTS

On February 2, 2023, Plaintiff filed this lawsuit in Missouri state court alleging three counts: two under the TCPA and one under the Missouri No-Call List statute. *See* Compl. ¶¶ 20-76 (Dkt. 2) (State Court "Class-Action Petition"). Johnston & Murphy timely removed to federal court. *See* Notice of Removal (Dkt. 1). Plaintiff later amended his pleading and filed a "First Amended Class-Action Complaint" alleging only one count: violations of the federal internal do-not-call list regulation, 47 C.F.R. § 64.1200(d). *See* First Am. Compl. ¶¶ 29-35 (Dkt. 18).

Johnston & Murphy's Answer outlined how Plaintiff opted-in to receive text messages through Johnston & Murphy's mobile alerts program. *See* Ans. to First Am. Compl. (hereafter "Am. Ans.") ¶¶ 8-10 (Dkt. 19); *see also* Am. Ans. Ex. 1 (Dkt. 19-1) (documenting the texts between Johnston & Murphy and Plaintiff's "2877" mobile number). It all started on December 9, 2022. *See* Am. Ans. ¶ 8 (Dkt. 19). Plaintiff visited the Johnston & Murphy mobile website from his phone and was prompted by the following SMS subscription lightbox. *See id.* ¶ 10(a) (Dkt. 19).



Rather than ignoring or closing the lightbox, Plaintiff tapped the "TAP TO TEXT **JOIN** TO **561850**" button and texted "JOIN" from his mobile phone to Johnston & Murphy's 561850 number. *Id.* ¶ 10(b) (Dkt. 19). Plaintiff then received a confirmatory text from Johnston & Murphy: "Johnston & Murphy: Welcome! Reply Y to confirm your opt-in to messages. Msg & data rates may apply. Msg frequency varies." *Id.* ¶ 10(c) (Dkt. 19). Plaintiff confirmed by replying "Y" to the message, opting into the Johnston & Murphy mobile alerts program. *Id.* ¶ 10(d) (Dkt. 19). Plaintiff also received a 10% off discount coupon for Johnston & Murphy products, which he used for a purchase on December 9, 2022. *See* Am. Ans. ¶ 10(e) (Dkt. 19). Plaintiff never texted "STOP" or requested not to be contacted by Johnston & Murphy. *See* Am. Ans. Ex. 1 (Dkt. 19-1).

Plaintiff's actions betray two truths that doom his case: (1) Plaintiff never submitted a do-not-call request to Johnston & Murphy; and (2) Plaintiff opted-in—twice—to the Johnston & Murphy mobile alerts program.

### III. LAW AND ARGUMENT

Once the pleadings have closed, but early enough so as to not delay trial, a party may move for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate if the moving party clearly establishes that there are no material issues of fact and that he is entitled to judgment as a matter of law." *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996).  At this stage, the Court "accepts as true all facts pled by the non-moving party and draw[s] all reasonable inferences from the pleadings in his favor." *Id*.  Additionally, the court may consider materials in the public record, materials that do not contradict the complaint, and any materials "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citations omitted).

  **A.**  **Plaintiff Fails to State A Claim Under 47 C.F.R. § 64.1200(d).**

    1.  <u>The Amended Complaint Did Not Sufficiently Allege An Internal Do-Not-Call Violation</u>.

The Amended Complaint lacks facts from which the Court can reasonably infer that Johnson & Murphy violated 47 C.F.R. § 64.1200(d), and therefore it fails to state a claim.  To survive a Rule 12(c) motion, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the pleading contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

5

Here, instead of facts, the Amended Complaint merely recites portions of 47 C.F.R. § 64.1200(d)(1) – (3) and states that Johnston & Murphy did not follow the regulation "on information and belief." First Am. Compl. ¶¶ 30-33 (Dkt. 18). Plaintiff's "labels and conclusions, and . . . formulaic recitation of the elements of a cause of action" are precisely what the Supreme Court condemned as insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

Moreover, Plaintiff does not allege he asked Johnston & Murphy to stop sending texts, that he asked Johnston & Murphy to be added to the internal do-not-call list, that he asked for a copy of Johnston & Murphy's internal do-not-call list or procedures, or any other fact from which the Court could infer that Johnston & Murphy violated 47 C.F.R. § 64.1200(d). Thus, Plaintiff has not articulated any basis, let alone a plausible one, to proceed with his claim. *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2021 U.S. Dist. LEXIS 223278, at *26 (W.D. Tex. Nov. 17, 2021) (dismissing 47 C.F.R. § 64.1200 claims because plaintiff provided "no facts . . . to support the conclusory allegations that [Defendant] does not meet the minimum standards established by the regulation.").

The Amended Complaint offers only "sheer possibilit[ies]" of potential misconduct and therefore fails to state a claim. *Iqbal*, 556 U.S. at 678

### 2. Plaintiff's Internal Do-Not-Call Claim Also Fails Because He Never Told Johnston & Murphy Not To Call.

Plaintiff's sole claim under 47 C.F.R. § 64.1200(d) governs *internal* do-not-call lists. The regulation prohibits telemarketing calls to "persons who *request* not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d) (emphasis added).

The Court's analysis can start—and end—with the text's plain language. *See id.* Plaintiff never requested not to receive texts from Johnston & Murphy. *See* Am. Ans. Ex. 1 (providing a true and accurate log of all communication between Plaintiff and Genesco) (Dkt. 19-1). The

6

Amended Complaint does not allege otherwise. In short, Plaintiff requested texts from Johnston & Murphy and never asked for them to stop. Plaintiff, therefore, lacks any basis to assert a claim under the TCPA's internal do-not-call provision. *See Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012) (stating that a plaintiff must make an affirmative request not to be contacted or there will be no under 47 C.F.R. § 64.1200(d) violation).

The legislative history further undermines Plaintiff's claim. The Federal Communications Commission ("FCC") implemented 47 C.F.R. § 64.1200(d) pursuant to the "do-not-call" section of the TCPA. *See Hand v. Beach Entm't Kc*, 456 F. Supp. 3d 1099, 1124-25 (W.D. Mo. 2020). In 1992, the FCC issued an order interpreting the new internal do-not-call regulations. *See* 7 FCC Rcd. 8752 (FCC September 17, 1992). The Order discussed the internal do-not-call lists in action—also called "company-specific-do-not-call lists"—and noted that consumers must "request not to be called by the telemarketer." *See id.* at 8765-8766 (observing the new regulations "would allow residential subscribers to selectively halt calls [and] . . . afford residential telephone subscribers with a means to terminate a business relationship"). The Order, therefore, shows the internal do-not-call list regulation only applies after a consumer makes a do-not-call request.

Plaintiff never made a do-not-call request to Johnston & Murphy, and thus lacks any claim under 47 C.F.R. § 64.1200(d).

### 3. Plaintiff Affirmatively Opting-In to Johnston & Murphy's Mobile Alerts Program Further Undermines Plaintiff's Internal Do-Not-Call Claim.

Plaintiff also lacks a claim because he opted-in, and never opted-out, to Johnston & Murphy's mobile alerts program. Again, 47 C.F.R. § 64.1200(d) only applies to "persons who request not to receive telemarketing calls."

Plaintiff, however, wanted the texts he received from Johnston & Murphy, which places him beyond the interests protected by the regulation. On December 9, 2022, Plaintiff:

7

- Visited the Johnston & Murphy mobile website and was presented an SMS subscription lightbox;

- Tapped the "TAP TO TEXT **JOIN** TO **561850**" button on an SMS subscription lightbox;

- Texted "JOIN" to Johnston & Murphy's 561850 number; and

- Texted "Y" in response to Johnston & Murphy's follow-up message stating "Reply Y to confirm your opt-in to messages."

*See* Am. Ans. ¶ 10(a)-(d) (Dkt. 19). Johnston & Murphy only sent Plaintiff text messages after his double opt-in. *See id.* ¶ 8 (Dkt. 19). Plaintiff even made a purchase from Johnston & Murphy using the coupon he received for signing up to receive texts. *See id.* ¶ 10(e) (Dkt. 19).

In sum, Plaintiff invited Genesco's communications and never requested that they stop. Thus, he would not be on Johnston & Murphy's internal do-not-call list and lacks any claim under 47 C.F.R. § 64.1200(d).

### B. Plaintiff's Alleged Registration on the National Do Not Call Registry is Irrelevant to His Internal Do-Not-Call Claim.

Plaintiff may argue his number's alleged placement on the national do-not-call registry is sufficient to sustain his claim under 47 C.F.R. § 64.1200(d). But this conflates distinct TCPA sections—specifically, subsection (d) that regulates *internal* procedures and maintenance of a do-not-call list, and the national do-not-call registry regulated under subsection (c).

The statutory requirements under subsection (d) state that telemarketers must have a written policy for maintaining an *internal* do-not-call list of people who ask not to be called by that particular entity, and then refraining from calling people on that list. *See* 47 C.F.R. § 64.1200(d) (emphasis added); *Mainstream Mktg. Servs., Inc. v. FTC*, 358 F.3d 1228, 1235 (10th Cir. 2004). Subsection (d) applies only to persons "who request not to receive telemarketing calls *made by or on behalf of that person or entity*." 47 C.F.R. § 64.1200(d) (emphasis added). Conversely, subsection (c) prohibits calling individuals on the *national* do-not-call registry. *See*

8

*id.* (emphasis added). The two lists, and corresponding regulations, are separate, and each subsection has specific requirements.

Plaintiff's sole claim alleges Johnston & Murphy failed to maintain and keep an internal do-not-call list under 47 C.F.R. § 64.1200(d). Plaintiff's alleged placement on the national do-not-call registry cannot save his internal do-not-call list claim.

### C. Plaintiff Lacks Statutory Standing Because he is not in the Zone of Interests Protected by the TCPA.

Plaintiff's claim also fails for lack of statutory standing. "[A] statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (internal quotations omitted). The zone-of-interests test asks the Court to use "traditional tools of statutory interpretation" to determine "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Id.* at 127. The Court may therefore "identify[] the interests protected" by analyzing "the statute's purposes." *Id.* at 131 (reviewing the Lanham Act's statement of purposes to identify the interests protected).

47 C.F.R. § 64.1200(d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers *to the extent* described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'"[2]  47 C.F.R. § 64.1200(e) (emphasis added). The FCC July 7, 2003 Order states:

> [P]roviding consumers with the ability to tailor their requests not to be called, either on a case-by-case basis under the company do-not-call approach or more broadly under the national registry, *will best balance individual privacy rights and legitimate telemarketing practices*. . . . In addition, consumers registered on the national do-not-call registry will have the opportunity to request that they not be

---

[2] Available at https://docs.fcc.gov/public/attachments/FCC-03-153A1.pdf (last visited June 27, 2023).

9

> called by entities that would otherwise fall within the *established business relationship exemption* by using the option to be placed on the company-specific lists.

*Id.* at ¶ 90 (emphasis added).

The TCPA concerns "unwanted" telemarketing calls that invade one's privacy; the FCC seeks to balance privacy rights and legitimate telemarketing. *Id*. Plaintiff's claim, however, makes a mockery of that balance. The texts to Plaintiff did not invade Plaintiff's privacy; they were not unwanted. Quite the opposite—he requested them. Indeed, Plaintiff provided "prior express invitation or permission" to Johnston & Murphy (Am. Ans. ¶¶ 9-11) (Dkt. 19) and also created an "established business relationship" with Johnston & Murphy (Ans. ¶ 11(e)), and thus lacks a claim under 47 U.S.C. 227(c) or 47 C.F.R.§ 64.1200(c). *See* Am. Ans. ¶¶ 9-11 (Dkt. 19); Am. Ans. Ex. 1 (Dkt. 19-1). For the same reasons, the texts to Plaintiff do not even qualify as "telephone solicitations." 47 C.F.R.§ 64.1200(f)(14).

Neither the TCPA nor its accompanying regulations are meant to protect Plaintiff from texts he requested. Subsection (d) is not "applicable" to Plaintiff, who signed up to receive texts, purchased goods from Johnston & Murphy (using the coupon he received for signing up), and never requested that the texts stop. 47 C.F.R.§ 64.1200(e). And both the FCC July 3, 2003, Order and TCPA demonstrate that Plaintiff's claim is not within the zone of interests protected by the TCPA. *Accord* 47 C.F.R.§ 64.1200(e). Plaintiff lacks statutory standing because his claim is not within the zone of interests protected by the TCPA or its corresponding regulations.

**IV.   CONCLUSION**

For the foregoing reasons, there are no material issues of fact and Genesco, Inc. is entitled to judgment as a matter of law.

Respectfully submitted,

*/s/ Rand L. McClellan*
Rand L. McClellan (admitted *pro hac vice*)
rmcclellan@bakerlaw.com
Paul M. M. Willison (admitted *pro hac vice*)
pwillison@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Dr., Suite 1200
Columbus, OH 43215-4138
Telephone:   614.228.1541
Facsimile:   614.462.2616

*Attorneys for Defendant Genesco, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with this Court's CM/ECF system this 30th day of June, 2023, which will send notification to all counsel of record.

*/s/ Rand L. McClellan*
Rand L. McClellan
